UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT L. JEWETT, | NO. CIV. 2:10-556 WBS KJN |
| Plaintiff, | |
| v. | ORDER RE: MOTION TO DISMISS AND MOTION TO STRIKE |
| CITY OF SACRAMENTO FIRE DEPARTMENT; B. COOK; R. COPLEN; and J. ARROYO, | |
| Defendants. | |

----oo0oo----

Plaintiff Robert L. Jewett filed this action in the Sacramento County Superior Court on December 29, 2009, using a standard California form complaint. (Docket No 2.) The action was removed to this court on March 8, 2010, and the City of Sacramento Fire Department promptly filed its pending motion to dismiss. (Docket Nos. 2, 5.) Presently before the court are the Fire Department's motion to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion to strike plaintiff's demand for punitive damages pursuant to Rule 12(f).

1

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

The Supreme Court recently clarified the Federal Rule of Civil Procedure 8 standard for pleading in Ashcroft v. Iqbal. Prior to Iqbal, many courts--including this court and, apparently, the Supreme Court--read Rule 8 to express a "willingness to 'allow[] lawsuits based on conclusory allegations . . . to go forward.'" Maduka v. Sunrise Hosp., 375 F.3d 909, 912 (9th Cir. 2004) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)) (alteration in original). Now, however, a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 129 S. Ct. at 1949 (quotation marks omitted). Under Iqbal, a cause of action must be "plausible on its face," meaning that "the plaintiff pleads factual content that allows the court

2

1 | to draw a reasonable inference that the defendant is liable for
2 | the misconduct alleged."  Id.
3 |    Plaintiff's Complaint was clearly written for state
4 | court without the Federal Rules of Civil Procedure and Rule 8 in
5 | mind, since it simply consists of a recitation of the elements of
6 | each cause of action and is devoid of almost any factual
7 | enhancement.  Until this action was removed, plaintiff would have
8 | no reason to believe that the Complaint would need to comply with
9 | the pleading standards of the Federal Rules of Civil Procedure.
10 | Accordingly, the court finds it only fair that plaintiff be
11 | granted leave to amend his Complaint to comport with the Federal
12 | Rules of Civil Procedure and Iqbal.
13 |    IT IS THEREFORE ORDERED that the Fire Department's
14 | motion to dismiss be, and the same hereby is, GRANTED for the
15 | purpose of allowing plaintiff to amend his Complaint in
16 | accordance with the pleading standards of the Federal Rules of
17 | Civil Procedure announced in Ashcroft v. Iqbal, 129 S. Ct. 1937
18 | (2009).
19 |    IT IS FURTHER ORDERED that defendant's motion to strike
20 | be, and the same hereby is, DENIED AS MOOT.
21 |    Plaintiff has twenty days from the date of this Order
22 | to amend the Complaint, if he can do so consistent with this
23 | Order.
24 | DATED:  May 19, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3