UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT L. JEWETT, | NO. CIV. 2:10-556 WBS KJN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS AND MOTION TO STRIKE |
| CITY OF SACRAMENTO FIRE DEPARTMENT; B. COOK; R. COPLEN; J. ARROYO; and DOES 1 through 20, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiff Robert L. Jewett brought this action against defendants City of Sacramento Fire Department ("Fire Department"), B. Cook, R. Coplen, and J. Arroyo for alleged violations of his constitutional rights pursuant to 28 U.S.C. § 1983 and state tort law. Presently before the court are the Fire Department's motion to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure

1

12(b)(6) and motion to strike portions of plaintiff's FAC pursuant to Rule 12(f).

I.   Factual and Procedural Background

In the early morning hours of February 24, 2009, the City of Sacramento allegedly received a 9-1-1 call from an individual who believed that plaintiff had ingested drugs or alcohol and was suffering from an overdose.  (FAC ¶ 7(C).)  Plaintiff alleges that he was not under the influence of drugs or alcohol at the time.  (Id. ¶ 7(A).)  Defendants Cook, Copeln, and Arroyo, employees of the City of Sacramento Fire Department, responded to the call.  (Id.)

Upon arrival, Cook, Copeln, and Arroyo allegedly rushed into plaintiff's home without his permission while "numerous unknown witnesses stood around watching."  (Id. ¶ 7(B).)  The FAC alleges that Cook, Copeln, and Arroyo told plaintiff that he had "a doctor's appointment" and that they were going to take him there.  (Id.)  Cook, Copeln, and Arroyo then allegedly tackled plaintiff to the ground, involuntary removed him from his home, and bound him to a stretcher.  (Id.)  Plaintiff was subsequently transported to Sutter General Hospital in Sacramento, California, where he was examined and tested for drugs.  (Id.)  Plaintiff allegedly was released from the hospital a few hours later.  (Id.)

Plaintiff subsequently filed this action in Sacramento County Superior Court on December 29, 2009.  (Docket No. 2.)  The case was removed to this court on March 8, 2010.  (Id.)  Plaintiff's FAC alleges a claim for violations of his First, Fourth, Fifth, Fourteenth, and Eighth Amendment rights pursuant

2

to 28 U.S.C. § 1983, as well as state law claims for negligence, assault, battery, false imprisonment, defamation, libel, slander, intentional infliction of emotional distress, and negligent infliction of emotional distress.  The Fire Department now moves to dismiss those claims in the FAC alleged against it.

II.  Discussion

  A.  Motion to Dismiss

    On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

    1.  § 1983 Claim

  In relevant part, § 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for

3

1     redress . . . .
2 While § 1983 is not itself a source of substantive rights, it
3 provides a cause of action against any person who, under color of
4 state law, deprives an individual of federal constitutional
5 rights or limited federal statutory rights.  42 U.S.C. § 1983;
6 Graham v. Connor, 490 U.S. 386, 393-94 (1989).
7         Because the Fire Department is a municipal department
8 within the City of Sacramento it is not a "person" subject who
9 can be sued pursuant to § 1983.  While a state is not considered
10 a "person" subject to § 1983 liability, Will v. Mich. Dept. of
11 State Police, 491 U.S. 58, 69-71 (1989), local government units,
12 such as counties or municipalities are.  Monell v. New York City
13 Dept. of Social Services, 436 U.S. 658, 690-91 (1978); Will, 491
14 U.S. at 69-71.
15         However, municipal departments and sub-units of local
16 governments, such as police and fire departments, generally are
17 not considered "persons" for the purpose of § 1983 liability.
18 See United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005)
19 (Ferguson, J., concurring) (finding municipal police departments
20 and bureaus are generally not considered "persons" within the
21 meaning of § 1983); Vance v. County of Santa Clara, 928 F. Supp.
22 993, 995-96 (N.D. Cal. 1996) (holding that the naming of a
23 municipal department as a defendant "is not an appropriate means
24 of pleading a § 1983 action against a municipality"); Wade v.
25 Fresno Police Dept., No. Civ. 09-0588 AWI DLB, 2010 WL 2353525,
26 at *4 (E.D. Cal. June 9, 2010) (holding a police department is
27 not a "person" under § 1983); Morris v. State Bar of Cal., No.
28 Civ. 09-0026 LJO GSA, 2010 WL 966423, at *5-*6 (E.D. Cal. Mar.

11, 2010) (holding that a fire department is a municipal department and therefore not a "person" under § 1983). The Fire Department's motion to dismiss plaintiff's § 1983 claim will accordingly be granted.

    2. <u>State Law Claims</u>

   The Fire Department argues that it is immune from plaintiff's negligence, defamation, libel, slander, intentional infliction of emotional distress, and negligent infliction of emotional distress claims. Under California law, a public entity is not liable for a claim brought against it unless liability is provided for by statute or required by the federal or state constitution. Cal. Gov. Code § 815; <u>Cochran v. Herzog Engraving Co.</u>, 155 Cal. App. 3d 405, 409 (1984); <u>Williams v. Horvath</u>, 16 Cal. 3d 834, 838 (1976). California Government Code section 815 specifically provides that liability for a public entity must be provided by statute. Cal. Gov. Code § 815(a) ("Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.") "It is not interpreted to mean that public entities are liable in tort only when the Legislature has enacted a statute imposing liability which on its face is applicable to public bodies. Rather, a liability is deemed 'provided by statute' if a statute defines the tort in general terms." <u>Levine v. City of Los Angeles</u>, 68 Cal .App. 3d 481, 487 (1977).

   California Government Code section 815.2 provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the

5

scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee . . . ."  Cal. Gov. Code § 815.2.  Public employees are liable for injuries caused by their acts or omissions to the same extent as private individuals.  Cal. Gov. Code § 820.  Section 815.2 "expressly makes the doctrine of respondeat superior applicable to public employers."  Hoff v. Vacaville Unified Sch. Dist., 19 Cal. 4th 925, 932 (1998).  "A public entity, as the employer, is generally liable for the torts of an employee committed within the scope of employment if the employee is liable."  Thomas v. City of Richmond, 9 Cal. 4th 1154, 1157 (1995) (internal citations omitted).

The state law claims against the Fire Department are based upon the conduct of its employees alleged to have been acting within the scope of their employment.  (See FAC ¶ 7(A).)  The Fire Department does not contend that its employees are themselves immune from liability for plaintiff's causes of action.  Accordingly, plaintiff's claims against the Fire Department have a statutory basis and are proper.  Since the Fire Department does not challenge the sufficiency of the state law claims against it, the court must deny the Fire Department's motion to dismiss these claims.

B.   Motion to Strike

The Fire Department moves to strike the portions of the FAC which refer to Fire Department Chief Ray Jones as a defendant because he is not listed as a defendant in the caption of the FAC and the court did not provide plaintiff leave to add new defendants to this action.  Pursuant to Federal Rule of Civil

Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Under Federal Rule of Civil Procedure 10(a) "[t]he title of the complaint must name all the parties" in a given action.  While plaintiff could have chosen to add Ray Jones as a party to the FAC because the court granted plaintiff leave to amend his original complaint, plaintiff has not named Ray Jones as a party in the caption or served him with the FAC.  (Docket No. 11.)  Accordingly, Ray Jones is not currently a party to this action and should not be referred to as such in the FAC.  See Fed. R. Civ. P. 10(a).  The court will therefore order that the FAC be stricken of any references to Ray Jones as a defendant in this action.

    C.    Sanctions

In its May 20, 2010 Order granting plaintiff leave to amend his original complaint, the court gave plaintiff twenty days from the date of its Order to file the FAC.  (Docket No. 11.)  Despite this clear mandate, plaintiff filed his FAC on June 15, 2010, five days after the court's deadline.  Additionally, under Local Rule 230(c), a party must file an opposition, if any, to the granting of a motion fourteen days before the motion's noticed hearing date.  Plaintiff late-filed his Opposition only ten days before the hearing scheduled on this motion.  The failure of plaintiff's counsel to comply with the deadlines of the court has inconvenienced opposing counsel by limiting the amount of time available to formulate responses to plaintiff's filings in a timely manner.

Although the Fire Department urges the court to strike

1  plaintiff's FAC and Opposition, the court will not impose such a
2  harsh punishment in the interests of justice.  Local Rule 110
3  authorizes the court to impose sanctions for "[f]ailure of
4  counsel or of a party to comply with these Rules or with any
5  order of the Court . . . ."  Accordingly, the court will sanction
6  plaintiff's counsel, Mary C. Polansky-Gravatt, $100.00 payable to
7  the Clerk of the Court within ten days of the date of this Order,
8  unless she shows good cause for her failure to comply with this
9  court's Order and the Local Rules.

10           IT IS THEREFORE ORDERED that the Fire Department's
11 motion to dismiss be, and the same hereby is, GRANTED with
12 respect to plaintiff's § 1983 claim and DENIED in all other
13 respects.

14           IT IS FURTHER ORDERED that the Fire Department's motion
15 to strike the First Amended Complaint's references to Roy Jones
16 as a defendant be, and the same hereby is, GRANTED.

17           AND IT IS FURTHER ORDERED that within ten days of the
18 date of this Order Mary C. Polansky-Gravatt shall either (1) pay
19 sanctions in the amount of $100.00 to the Clerk of the Court or
20 (2) submit a statement of good cause explaining her failure to
21 comply with the court's May 20, 2010 Order and the Local Rules.

22           Plaintiff has twenty days from the date of this Order
23 to file an amended complaint, if he can do so consistent with
24 this Order.

25 DATED:  August 12, 2010

26                          _____
27                          WILLIAM B. SHUBB
                            UNITED STATES DISTRICT JUDGE
28